Michelle A. Clark, Bar No. 243777 (Requesting Admission)
miclark@littler.com
Jemuel S. Gascon, Bar No. 339241
jgascon@littler.com
LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, California 93704.2225
Telephone:  559.244.7500
Fax No.:    559.244.7525

Attorneys for Defendants
ASRC FEDERAL HOLDING COMPANY, LLC AND AS AND D, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NALIN EYRE,<br><br>        Plaintiff,<br><br>   v.<br><br>ASRC FEDERAL HOLDING COMPANY, LLC, an Alaska Limited Liability Company, AS&D, INC., a Corporation, BILL GULLEY, an individual, and DOES 1 through 100, INCLUSIVE,<br><br>        Defendants. | Case No.<br><br>**DEFENDANTS ASRC FEDERAL HOLDING COMPANY, LLC'S AND AS AND D, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Action filed in State Court 08/26/2022<br>Kern County Superior Court Case No. BCV-22-102271 |

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

## NOTICE OF REMOVAL

TO THE CLERK OF COURT, TO THE PARTIES, AND TO THE PARTIES' COUNSEL OF RECORD, PLEASE TAKE NOTICE THAT Defendants ASRC Federal Holding Company, LLC and AS AND D, LLC (misidentified as AS&D, Inc.) (collectively, "Defendants[1]"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1442, and 1446, hereby give notice of removal of this lawsuit from the Superior Court of the State of California, County of Kern, to the United States District Court for the Eastern District of California ("Notice of Removal"). In support of this Notice of Removal, Defendants respectfully submit to this Honorable Court the following information:

### I.     STATEMENT OF JURISDICTION

#### A.     Federal Enclave Jurisdiction

Removal jurisdiction exists because this Court has original jurisdiction over Plaintiff NALIN EYRE's ("Plaintiff") claims pursuant to 28 U.S.C. § 1331 since Plaintiff's alleged injury stems from conduct within a federal enclave on Edwards Airforce Base. *See Pennington v. Tetra Tech EC, Inc.*, No. 18-CV-05330-JD, 2019 WL 13202011, at *2 (N.D. Cal. Oct. 18, 2019) ("Federal courts have federal question jurisdiction over tort claims that arise on 'federal enclaves.'").

#### B.     Diversity Jurisdiction

Removal is also appropriate pursuant to 28 U.S.C. § 1441 because this is a civil action in which Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1441(b). As set forth below, Plaintiff's evidence and allegations establishes that she is a citizen of California while Defendants are citizens of Alaska. Thus,

---

[1] William "Bill" Gulley was added as a defendant to Plaintiff's First Amended Complaint, effective service on ASRC and AS and D on October 18, 2022. To the best of Defendants' knowledge, Mr. Gulley has not been served with the First Amended Complaint and no proof of service has been filed. *See* 28 U.S.C. § 1446(b)(2)(A); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir.1988) ("Ordinarily, under 28 U.S.C. § 1446(a), all defendants in a state action must join in the petition for removal, except for nominal, unknown, or fraudulently joined parties. This general rule applies, however, only to defendants properly joined and served in an action.") (internal citations omitted). Nonetheless and without waiving any defenses or consenting to jurisdiction, Mr. Gulley does not oppose the removal of this action as requested by Defendants. *See* Declaration of Bill Gulley at ¶¶ 2-3.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

the parties are diverse. While Plaintiff has recently added individual defendant, Bill Gulley, to her intentional infliction of emotion distress, he has not been served, has not appeared in this litigation, and is a sham defendant, fraudulently joined for the sole purpose of destroying diversity. As such, Mr. Gulley should be disregarded for purposes of determining whether removal is appropriate. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Moreover, the amount if controversy exceeds $75,000 based on the facts and prayer for relief pleaded in Plaintiff's First Amended Complaint.

### C. Federal Officer Removal

Additionally, removal is appropriate pursuant to 28 U.S.C. § 1442(a)(1), the federal officer removal statute. "Federal officers, and their agents, may remove cases based on acts performed under color of their federal office if they assert a colorable federal defense." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (citing 28 U.S.C. § 1442(a)). The federal officer removal statute "is liberally construed" in favor of immunity. *Id.* at 1252 (quoting *Colorado v. Symes*, 286 U.S. 510, 517, 52 S.Ct. 635, 76 L.Ed. 1253 (1932)) ("Federal government officers and their agents occasionally get into trouble when they act within the States . . . If the federal government can't guarantee its agents access to a federal forum if they are sued or prosecuted, it may have difficulty finding anyone willing to act on its behalf.") "Because it's so important to the federal government to protect federal officers, removal rights under section 1442 are much broader than those under section 1441." *Id.* at 1253.

Here, Defendants, like other federal contractors, perform activities on a military base that are protected by federal contractor immunity. *Durham*, 445 F.3d at 1251; *Leite v. Crane Co.*, 749 F.3d 1117, 1120 (9th Cir. 2014). Defendants are "persons" for the purposes of § 1442(a)(1) and the actions complained of in the First Amended Complaint, *i.e.*, termination of Plaintiff from her job at Edwards Air Force Base, were undertaken at the direction of the Air Force pursuant to the Air Force's staffing agreement with Defendants. Ex. L. Moreover, Defendants have a colorable federal defense to plaintiff's claims – i.e., that the Air Force's modification of the job requirements constitute a non-discriminatory, non-pretextual reason for terminating Plaintiff. *Leite*, 749 F.3d at 1120; *see also Bell v. Thornburg*, 743 F.3d 84, 89 (5th Cir. 2014) (when accused "employment actions . . . were conducted

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

under the color of office and while performing official duties" the defendant has sufficiently "averred a colorable federal defense") (citing *Willingham v. Morgan*, 395 U.S. 402, 89 S. Ct. 1813, 23 L. Ed. 2d 396 (1969)).

## II. STATE COURT ACTION

On or about August 26, 2022, Plaintiff filed this action in the Kern County Superior Court, titled *Nalin Eyre vs. ASRC Federal Holding Company, LLC, an Alaskan Limited Liability Company, AS&D, Inc., a Corporation, and Does 1 through 100, inclusive,* Case Number BCV-22-102271. Ex. A[2]  Plaintiff's Complaint purports to assert two causes of action against Defendants: (1) retaliation in violation of Labor Code § 98.6 and (2) intentional infliction of emotional distress. *Id.* Plaintiff did not serve Defendants with her Complaint. Instead, Plaintiff amended her complaint on September 20, 2022, to add Bill Gulley as a defendant. Ex. B (First Amended Complaint). Mr. Gulley is only subject to Plaintiff's intentional inflection of emotional distress claim and is not implicated in her retaliation claim in the First Amended Complaint. *See id*.

On September 28, 2022, Defendants were provided with a Notice and Acknowledgment of Receipt-Civil and the First Amended Complaint, along with copies of the Summons and Civil Case Cover Sheet. Defendants ASRC Federal Holding Company, LLC and AS and D, LLC, signed and returned the Notice and Acknowledgment of Receipt to Plaintiff on October 18, 2022. Ex. C. California Code of Civil Procedure section 415.30 provides that a summons is deemed served on the date of execution of the acknowledgment of receipt of summons. Cal. Civ. Proc. § 415.30. Thus, the effective date of service is October 18, 2022.

Defendants filed a General Denial and Affirmative Defenses to Plaintiff's First Amended Complaint on November 16, 2022. Ex. D. The remaining submissions in this action on file with the Kern County Superior Court are attached hereto as Exhibit E to the Declaration of Jemuel Gascon.

## III. TIMELINESS OF NOTICE OF REMOVAL

An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within 30 days of defendant receiving

---

[2] All exhibits submitted herewith are attached to the Declaration of Jemuel Gascon (Gascon Decl.), unless otherwise noted.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

an "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). *See* Exs. A-E. Though the statute specifies that a notice of removal must be filed "within 30 days of receipt" of the complaint by defendant, the Supreme Court has interpreted this requirement to mean "service" of the complaint in order to avoid "abrogate[ing] the necessity for something as fundamental as service of process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354–55, 119 S. Ct. 1322, 1328–29, 143 L. Ed. 2d 448 (1999). Since service was deemed effective on October 18, 2022, the day on which the Notice and Acknowledgement of Receipt was signed and returned, Defendants may remove this action on any date up to and including November 17, 2022. Cal. Civ. Proc. § 415.30; Fed R. Civ. P. 6(a).

## IV. VENUE

Pursuant to 28 U.S.C. § 1391(a) and 28 U.S.C. § 1441, venue is proper in the United States District Court for the Eastern District of California insofar as Defendants conducts business within Kern County, California, which is where Plaintiff was employed and where the instant action was originally filed. Kern County is within the Eastern District of California.[3]

## V. NOTICE TO PLAINTIFF

As required by 28 U.S.C. § 1446(d), Defendants provided written notice of the filing of this Notice of Removal to Plaintiff. Ex. F.

## VI. NOTICE TO THE SUPERIOR COURT

Defendants also filed their Notice of Removal with the Clerk of the Kern County Superior Court. Ex. G.

## VII. FACTS AND LAW SUPPORTING FEDERAL QUESTION JURISDICTION

This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because "federal courts have original jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States . . . which includes tort claims that arise on 'federal enclaves.'" *Durham v. Lockheed Martin Corp*, 445 F.3d 1247, 1250 (9th Cir. 2006); *see also Rosseter v. Indus. Light & Magic*, No. C 08-4545 WHA, 2009 WL 210452, at *1 (N.D. Cal. Jan. 27, 2009) ("[C]laims due to acts that took place on a federal enclave are under exclusive federal law jurisdiction.").

---

[3] See https://www.caed.uscourts.gov/CAEDnew/index.cfm/cmecf-e-filing/jurisdiction-and-venue/

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

  Here, all the facts pleaded in Plaintiff's First Amended Complaint, which she contends give rise to her claims, occurred within a federal enclave on Edwards Air Force Base. *Stiefel v. Bechtel Corp*, 497 F. Supp. 2d 1138, 1148 (S.D. Cal. 2007). "The key factor in determining whether federal enclave jurisdiction exists is the location of the plaintiff's injury," that is where "the events underlying Plaintiff's causes of action occurred." *Zuniga v. Chugach Maint. Servs.,* No. CVF060048AWILJO, 2006 WL 769317, at *4 (E.D. Cal. Mar. 24, 2006). In an employment case, the "location" of the alleged injury is the location where the plaintiff "was employed" and where "defendants' [accused] employment practice(s)" gave rise to plaintiff's claims. *Lockhart v. Mvm, Inc.*, 175 Cal.App.4th 1452, 1459 (2009) ("Appellant was the employee of a federal contractor operating on a federal enclave. Thus, her employment claims are governed by the enclave's law."); *Stiefel v. Bechtel Corp*, 497 F. Supp. 2d 1138, 1148 (S.D. Cal. 2007); *Powell v. Tessada & Assocs., Inc.*, No. C 04-05254 JF, 2005 WL 578103, at *2 (N.D. Cal. Mar. 10, 2005) (holding that federal enclave jurisdiction applies to plaintiffs' employment claims because "[r]egardless of where the decision not to retain Plaintiffs was made, the decision reflects Defendants' employment practice on the enclave"); *Taylor v. Lockheed Martin Corp*., 78 Cal. App. 4th 472, 480, 92 Cal. Rptr. 2d 873, 878 (2000) ("[Plaintiff] had been assigned to work in Building 8401A, which was located in an area within the Vandenberg enclave" and thus his employment claims "arise on the Vandenberg enclave").

  Plaintiff alleges that she was employed by Defendants to work at the Edwards Air Force based in Edwards, California. Ex. B at ¶¶ 1, 9. "Her duties included, but were not limited to, monitoring the weather, handling emergency operations and coordinating paperwork with different units within the company." *Id*. at ¶ 9. The mainstay of Plaintiff's complaint is that she was retaliated against after raising meritorious wage and hour claims because Plaintiff was "was left working alone at the physical worksite" after COVID-19 "without anyone to relieve her for meal or rest breaks." *Id*. ¶ 10. Plaintiff's "physical worksite" was the Air Force Research Laboratory including the building located at 106 North Mercury Blvd., Edwards AFB, CA. Greenblatt Decl., ¶ 8, Ex. 4.

  Plaintiff further alleges that "one week after Ms. Eyre was reluctantly compensated for the majority of the Labor Code violations, Ms. Eyre was asked to remotely join a meeting with Defendant General Manager, Bill Gulley [and others] . . . . [in which] Ms. Eyre was informed that she no longer

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

1  met the academic requirements of the very position she was hired to do." Ex. B at ¶ 11. In particular,
2  Plaintiff contends that "Defendant Gulley . . . changed the educational requirements of the Site
3  Operation Control Center ("SOCC") position . . . [and] then ordered Plaintiff to reapply for the same
4  position she held for almost two years knowing that she did not meet the newly created educational
5  requirements for the position." *Id*. at ¶ 25. Though she re-applied for the position (with revised
6  requirements), on "August 26, 2020, My. Eyre was wrongfully terminated in retaliation for reporting
7  the ongoing Labor Code violations." *Id*. at ¶¶ 13, 17-22. Defendants' business records show that Mr.
8  Gulley works primarily at the Air Force Research Laboratory on Edwards Air Force Base at his office
9  location of 8 Draco Drive AFRL, Edwards, CA. Greenblatt Decl., Ex. 4.

10  Public documents adduced from timely submitted FOIA requests as well as business records
11  maintained by Defendants, establish that the Air Force Research Laboratory (AFRL), including the
12  two specific office locations where ***all*** actions identified in the First Amended Complaint as the
13  "substantial factors" causing Plaintiff's harm, are within the federal enclave. Ex. B at ¶¶ 20, 29. For
14  example, The Department of the Air Force confirmed that the most up to date map demarcating the
15  boundaries of the federal enclave is attached hereto as Ex. I:



LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

Ex. I; *see also* Ex. J-K (correspondence with Edwards Airforce Base personnel confirming that the 2010 map, Exhibit I, is the most updated version as of November 3, 2022); Ex. O (identifying Edwards Airforce Base as a federal enclave). Defendants maintain the same map within their business records and identified AFRL as the federal enclave area subject to the Defendants' staffing contract with the U.S. Airforce. Greenblatt Decl. Exs. 2, 3. Additionally, the 412 Civil Engineer Group of Edwards Airforce Base, verified that the specific location of work identified on Plaintiff's employment file, 8 Draco, Building 8350, falls within the federal jurisdiction area of the federal enclave map (Ex. I). *See* Ex. M; *see also* Ex. N (showing that 106 N. Mercury Blvd is also within the federal enclave). All location(s) where Plaintiff performed her work responsibilities and where the accused conduct of Mr. Gulley supposedly occurred are subject to the exclusive jurisdiction of the United States and thus this Court has exclusive jurisdiction over the matter. *See* U.S. Const., Art. 1, Section 8, Clause 17; *Willis v. Craig*, 555 F.2d 724, 726 & n.4 (9th Cir. 1977); *Swords to Plowshares v. Kemp*, 423 F. Supp. 2d 1031, 1034-38 (N.D. Cal. 2005).[4]

## VIII. FACTS AND LAW SUPPORTING DIVERSITY JURISDICTION

This Court has original jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000,

---

[4] In *Zuniga*, this Court potentially raised a further concern that if state law is not pre-empted within the federal enclave, that may undermine the basis for removal jurisdiction. However, even if the Court ultimately determines that state legal principles apply (e.g., by the doctrine of assimilation) that determination does not mean that this Court loses jurisdiction. *See Document 48 Order of Jesus Jimenez v. CRC Property Management West Inc.*, Case No.: 3:19-CV-01547-JAH-MSB, (S.D. Cal., Sept. 21, 2021; *Baltimore Gas & Elec. Co. v. United Statesw*, 133 F. Supp. 2d 721, 743 n.27 (D. Md. 2001); *see also Andrews v. Pride Indus.,* No. 2:14-CV-02154-KJM, 2015 WL 1014133, at *4 (E.D. Cal. Mar. 6, 2015) (finding the exercise of jurisdiction appropriate as long as "the events underlying this action occurred on federal enclave land so as to support the exercise of jurisdiction"). Additionally, this Court took jurisdictional notice that Edwards was a United State Military Bases beginning in the 1930s. *Zuniga v. Chugach Maint. Servs.,* No. CVF060048AWILJO, 2006 WL 769317, at *3 (E.D. Cal. Mar. 24, 2006). As Labor Code § 98.6 was not enacted until 1978, it is indisputable that the law cannot apply to the federal enclave. *See, e.g.*, *Haining v. Boeing Co.*, No. 2:12-CV-10704-ODW, 2013 WL 4874975, at *3 (C.D. Cal. Sept. 11, 2013) (causes of action "enacted or recognized in California after the federal government accepted jurisdiction" over the federal enclave are "inapplicable within" the enclave); *see also* Farmers Ins. Exch. v. PacifiCorp, No. 221CV00801MCECKD, 2022 WL 2193246, at *3 (E.D. Cal. June 17, 2022) ("Prior to 1940, federal acceptance of ceded jurisdiction was presumed absent an express refusal.") (internal citation omitted).

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

exclusive of interest and costs.

### A.     Citizenship of Parties

The evidence establishes that at all relevant times Plaintiff was and is a citizen of the State of California. *See* Ex. B at ¶ 3 ("The events that form the basis of this lawsuit took place in the County of Kern."); Greenblatt Decl. Ex. 4 (offer letter with her address).

Defendants are diverse citizens of a foreign jurisdiction (Alaska). For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business …" 28 USC § 1332(c)(1). "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). At all relevant times, Defendant ASRC Federal Holding Company, LLC has been a limited liability company organized under the laws of Alaska whose sole member is Artic Slope Regional Corporation. Greenblatt Decl., ¶ 3. Artic Slope Regional Corporation is a corporation organized and existing under the laws of the State of Alaska with its principal place of business in Alaska. Greenblatt Decl., ¶ 4. Effective 2015, defendant AS&D, Inc. was converted to an Alaskan limited liability company whose sole member is ASRC Federal Holding Company, LLC.[5] Since Defendants are not citizens of California, this case meets the requirements for removal.

On information and belief, defendant Bill Gulley ("Gulley") is a citizen of California. However, Gulley is a sham Defendant and should be disregarded for diversity purposes. The Court may properly disregard the citizenship of unserved, individual Defendant Bill Gulley ("Mr. Gulley") because he is a sham defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). A sham defendant is one against whom Plaintiff has failed to assert any cause of action under the well-settled rules of state law. *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002); *Morris*, 236 F.3d at 1067. Here, Plaintiff's initial complaint was only raised against Defendants and did not include any claims against Mr. Gulley. Plaintiff only amended its pleading after counsel

---

[5] AS&D, Inc. was duly re-named AS and D, LLC.

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

indicated its intent to remove the case to the United States District Court for the Eastern District of California.  Gascon Decl., ¶ 3.

On September 20, 2022, Plaintiff amended her complaint to name Gulley as a defendant to destroy diversity and only named him in the second cause of action, intentional infliction of emotional distress.  See Ex. B.  However, Mr. Gulley is a "sham" defendant because Plaintiff has failed to allege any legally cognizable claim against him, as the pleaded conduct is not "extreme and outrageous as a matter of law."  *Grancare, LLC v. Thrower*, 889 F.3d 543 (9th Cir. 2018).  The only factual allegation Plaintiff raises against Gulley are that he "changed the educational requirements of the Site Operation Control Center ("SOCC") position" and then asked her to "reapply" for the modified position as well as another "Schedule position which had similar educational requirements." Ex. B at ¶ 11.[6]  There are no allegations that Gulley was hostile to Plaintiff, berated her, or otherwise behaved in any manner that the law has found constitutes "extreme and outrageous."  *See Magnuson v. Burlington Northern, Inc.*, 576 F.2d 1367, 1369  (9th Cir. 1978)(holding that a claim for intentional infliction of emotional distress could not stand in a wrongful discharge claim, because "(e)very employee who believes he has a legitimate grievance will doubtless have some emotional anguish occasioned by his belief that he has been wronged."); *Buscemi v. McDonnell Douglas Corp.*, 736 F.2d 1348, 1352 (9th Cir. 1984)(terminating an employee by itself usually does not constitute "outrageous" conduct, even if the termination was without cause or was unjustified).  Intentional infliction of emotional distress also requires the Plaintiff to show "severe emotional distress."  CACI 1604; *see also* BAJI 12.73; *Fletcher v. Western Nat'l Life Ins. Co.*, 10 Cal. 3d 376, 396 (1970); V*asquez v. Franklin Mgmt. Real Estate Fund, Inc.*, 222 Cal. App. 4th 819, 832-33 (2013); and Rest.2d Torts § 46, comment j.  Here, Plaintiff claims generally that she suffered "severe emotional distress and physical manifestations of that emotional distress" but provides no substantive allegations supporting the legal platitude.  Ex. B at ¶ 28; *see also Steel v. City of San Diego*, 726 F. Supp. 2d 1172, 1191–92 (S.D. Cal. 2010)("Plaintiff

---

[6] The First Amended Complaint includes other general allegations against Mr. Gulley, characterizing his actions as "malicious," but these types of non-factual statements are are disregarded in assessing the sufficiency of her First Amended Complaint. *Magnuson v. Burlington Northern, Inc.*, 576 F.2d 1367, 1369 (9th Cir. 1978) (holding that a claim for intentional infliction of emotional distress could not stand in a wrongful discharge claim, because "(e)very employee who believes he has a legitimate grievance will doubtless have some emotional anguish occasioned by his belief that he has been wronged.").

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

offers only the conclusory allegation . . . This allegation is insufficient because Plaintiff must allege facts that demonstrate he suffered 'emotional distress of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it."). Because Plaintiff has not stated any legally viable cause of action against Mr. Gulley, he is a sham defendant and should be disregarded for the purposes of removal.

### B.   Amount In Controversy

Where the Complaint leaves the amount in controversy unclear or ambiguous, the defendant has the burden of proving by a preponderance of evidence that the amount in controversy exceeds $75,000. *See Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). This framework requires the removing defendant to establish that the plaintiff's total damages "more likely than not" exceed the jurisdictional amount. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 399 (9th Cir. 1996). In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 1001 (C.D. Cal. 2002). Economic damages, non-economic damages, general damages, attorneys' fees and costs, and punitive damages all are included in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)(stating that compensatory and punitive damages are included in determining the amount in controversy).

Here, Defendants reasonably and in good faith believe that the amount in controversy exceeds the jurisdictional requirement of 28 U.S.C. § 1332(a). Should Plaintiff prevail on her claims for wrongful termination in violation of retaliation under Labor Code § 98.6, Plaintiff could be entitled to recover the amount she would have earned up to the present date, including benefits or pay increases. *See Wise v. Southern Pac. Co.*, 1 Cal.3d 600, 607 (1970). Plaintiff alleges that she was employed by Defendants from in or around October 1, 2018 until August 26, 2020, where Plaintiff alleges, she was "wrongfully terminated in retaliation for reporting the ongoing Labor Code violations." Exh. B at ¶¶ 9, 13. Plaintiff's last rate of pay was $20.50 per hour. Greenblatt Decl., ¶ 9. Plaintiff worked

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1 approximately 40 hours per week while employed by Defendants. *Id.* Plaintiff seeks compensatory damages including past, present and prospective lost wages, employment benefits and medical expenses. Ex. B at ¶ 7. As of the date of this Notice of Removal, it has been approximately 116 weeks since the Plaintiff's last paycheck with Defendant. Ex. B at ¶ 13. Given Plaintiff's rate of pay, Plaintiff alleges to have suffered at least $95,120.00 in damages in the form of lost income as of the date of this filing ($20.50 x 40 hours per week x 116 weeks), with the damages continuing through trial at a rate of $820.00 per week ($20.50 x 40 hours per week).

Plaintiff also seeks damages for mental and emotional distress. Ex. B at ¶ 31. Plaintiff's claims for mental and emotional distress damages augment the foregoing amounts and demonstrates that the jurisdictional prerequisites for removal of this action are met. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (claims for pain, suffering and humiliation properly may be factored into the jurisdictional analysis for purposes of removal). Although Defendants dispute that Plaintiff is entitled to any damages award, plaintiffs in employment cases have been awarded substantial sums for emotional distress. *See, e.g., Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), *cert. denied*, 535 U.S. 1018 (2002) (award of $30,000); *Dotson v. United States*, 87 F.3d 682 (5th Cir. 1996) (award of $25,000). In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), *cert denied*, 127 S.Ct. 157 (2006), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established. In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id.* at 980. A similar inference is appropriate here, as Plaintiff expressly seeks damages for intentional infliction of emotional distress, including mental and physical pain from Defendants' alleged retaliation. Thus, based on *Kroske* and other analogous cases, the emotional distress component of Plaintiff's claims is likely to add at least $25,000 to the amount in controversy, if not more. The foregoing, when taken together with Plaintiff's claims for lost wages, punitive damages and attorney's fees, establishes that the plaintiff's total damages demand more likely than not exceeds the jurisdictional amount of $75,000.

Additionally, Plaintiff seeks an award of attorneys' fees in connection with her claims for

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

violation of various provisions of the Labor Code. Ex. B at ¶ 23. Attorney's fees are also included in the amount in controversy calculation when the underlying claims permit recovery of attorneys' fees. *Galt G/S, supra*, 142 F.3d at 1156. While Plaintiff's attorneys' fees cannot be calculated precisely, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (holding that where attorneys' fees are "recoverable by statute," fees reasonably anticipated over the life of the litigation are included in the amount in controversy analysis); *Fritsch v. Swift Transportation Company of Arizona, LLC.*, 2018 WL 3748667, at *2 (9th Cir. 2018) (in deciding amount in controversy issue, court may estimate the amount of reasonable attorneys' fees like to be recovered by plaintiff if she were to prevail). Moreover, past cases indicate that the award of attorneys' fees alone could reach or exceed the jurisdictional amount of $75,000. *See Mitchell v. GigOptix, LLC*, H036131, at *30 (Cal. Ct. App. Nov. 29, 2011) (noting the trial court's attorneys fee award of $45,017.15, representing one-fourth of the total fees, for just the claims of unpaid wages, unpaid vacation, and unpaid meal breaks).

The amount in controversy also includes punitive damages, since Plaintiff includes such exemplary damages in her prayer for relief. *See Anthony, supra*, 75 F.3d at 315; *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-1254 (5th Cir. 1998). With respect to punitive damages, California law does not impose a specific monetary limit on the amount that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). Although Defendants vigorously deny that Plaintiff is entitled to any damages (much less punitive damages), if Plaintiff were to prevail, the punitive damages alone could exceed the jurisdictional minimum.

While Defendants' position is that Plaintiff is not entitled to damages in any amount, the total amount in controversy appears to be, at a minimum, over $75,000 as of the date of this Notice of Removal. This sum is reflective of a potential amount in controversy of $95,120.00 in lost income, $25,000 in emotional distress damages, and a possible award of punitive damages as well as additional compensation continuing wages. Plaintiff's request for attorney's fees and the addition of any prejudgment and post-judgment interest make it more likely than not that the total amount in controversy exceeds the jurisdictional amount of $75,000. Consequently, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000.00, exclusive of

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

interest and costs, and because this is a civil action between citizens of different states.

## IX. FACTS AND LAW SUPPORTING FEDERAL OFFICER JURISDICTION

The Court also has federal question jurisdiction under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). The federal officer removal statute permits removal of a state-court action against an "officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1); *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1098–99 (9th Cir. 2018). This statute allows federal officers and those acting under them to remove actions "despite the nonfederal cast of the complaint" because the "federal-question element is met if the defense depends on federal law." *Jefferson Cnty. v. Acker*, 527 U.S. 423, 431 (1999). The purpose of the statute is to give federal officers, or those acting under them, "the protection of a federal forum" in which to have any defenses "arising out of their duty to enforce federal law" heard. *Willingham v. Morgan*, 395 U.S. 402, 406-07 (1969). Although other removal statutes may be interpreted narrowly, the Supreme Court has made clear that "[t]he federal officer removal statute is not 'narrow' or 'limited.'" *Id.* at 406 (citing *Colorado v. Symes*, 286 U.S. 510, 517 (1932)) (emphasis added).

"To invoke § 1442(a)(1) removal, a defendant in a state court action 'must demonstrate that (a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252–53 (9th Cir. 2006); *See Goncalves ex rel. Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1244 (9th Cir. 2017) ("[C]orporations are 'person[s]' under § 1442(a)(1)." (second alteration in original)).

For the first requirement, Defendants are persons because corporations or companies are defined as a "person" within by the statute. *Goncalves*, 865 F.3d at 1244.

For the second requirement, there is a casual nexus between actions taken by Defendants pursuant to their role as a federal military contractor and Plaintiff's claims. "For a private entity to be 'acting under' a federal officer, the private entity must be involved 'an effort to assist, or to help carry out, the duties or tasks of the federal superior." *Goncalves*, 865 F.3d at 1245 (citing *Watson v. Phillip Morris Cos.*, 551 U.S. 142, 152-54, 157 (2007). "The 'relationship typically involves 'subjection,

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

1  guidance, or control,'' [that goes] beyond simply complying with the law." *Id.* Here, Defendants'
2  government contracts were directed and carried out under a federal agency, specifically the United
3  States Air Force. Greenblatt Decl., ¶ 7 The job requirements for Plaintiff's position were expressly
4  established by the Air Force. Greenblatt Decl. Ex. 3 (work plan). This evidence shows that
5  Defendants "acted under" a federal officer in accordance with Section 1442.

6  Finally, Defendants have a colorable federal defense because its non-retaliatory reason for
7  terminating Plaintiff was the federal agency's requirement that her job description be updated.
8  Greenblatt Decl. Ex. 3. The government contractor defense "protects contractors from tort liability
9  that arises as a result of the contractor's 'compli[ance] with the specifications of a federal government
10 contract.'" *Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir.2011) (quoting *In re Hanford Nuclear
11 Reservation Litig.*, 534 F.3d 986, 1000 (9th Cir.2008)); *see also Moore v. Electric Boat Corporation*,
12 25 F.4th 30 (1st Cir. 2022) (finding that the contractor satisfied the federal officer removal statute's
13 requirement of a colorable defense by invoking immunity defenses based on compliance with federal
14 agency requirements). The defense applies to military contractors who perform pursuant to service
15 contracts to the same extent it applies to procurement contracts. *Swift v. Tatitlek Support Servs., Inc.*,
16 No. 515CV01718SVWJPR, 2016 WL 11604973, at *3 (C.D. Cal. Oct. 26, 2016). "Any state law
17 provisions that were violated by the military's use of the Defendant's employees should be analyzed
18 under the military contractor defense framework, as the discretionary decisions of the United States
19 government may be implicated." *Id*. at *4. The U.S. Air Force has a unique interest in the safe,
20 efficient, and effective staffing of its research lab and surrounding base, which affords it substantial
21 discretion in establishing the requirements for jobs on the base. The unique government interest in
22 establishing requisite requirements for all safety personnel on base necessitate application of the
23 federal immunity laws to this case.

24 Defendants' colorable federal defense is that they acted on the instructions of U.S. Air Force
25 to update the job requirements, which lead to Plaintiff's job being phased out and replaced with an
26 expanded position for which Plaintiff was not qualified. Greenblatt Decl. Ex. 3. Defendants took no
27 improper action against Plaintiff, but simply complied with the requirements of the federal agency,
28 which is sufficient to establish immunity under federal law. *Compare Getz*, 654 F.3d at 860; *Gulati*

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT

*v. Zuckerman*, 723 F. Supp. 353, 356 (E.D. Pa. 1989) (finding federal immunity applied to defense contractor whose accused "actions related to performance of a federal military contract"). A defendant alleging that the accused actions were undertaken "under asserted official authority" meets the requirements for federal officer removal jurisdiction. *Bell v. Thornburg*, 743 F.3d 84, 89 (5th Cir. 2014) (citing Mesa v. California, 489 U.S. 121, 133-34 (1989)); *see also Jefferson Cnty. v. Acker,* 527 U.S. 423, 431, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999) ("Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law.").

Similarly, Plaintiff's allegations that Defendants' modification of her job requirements were undertaken "with the intention of inflicting mental and emotional distress" on her, while raised pursuant to state tort law, rest entirely on acts undertaken "within the scope" of Defendants' performance of the government contract. *Palermo v. Rorex,* 806 F.2d 1266, 1269 (5th Cir. 1987). Whether this Court ultimately determines that federal law pre-empts Plaintiff's claims or not, at a minimum, they reflect a sufficient causal nexus to support federal officer removal to protect the "federal interest in the matter." *Id.*; *Lombardi v. TriWest Healthcare All. Corp.*, No. CV-08-02381-PHX-FJM, 2009 WL 1212170, at *2 (D. Ariz. May 4, 2009) (Federal officer removal is appropriate when "the actions for which [Defendants] are now being sued were taken under direct and detailed federal control").

## X.  CONCLUSION

Defendants' removal of this case from the Superior Court of the State of California, County of Kern, to the United States Court for the Eastern District of California is proper.

Dated: November 16, 2022

LITTLER MENDELSON, P.C.

_____
Michelle A. Clark
Jemuel S. Gascon

Attorneys for Defendants
ASRC FEDERAL HOLDING COMPANY, LLC
AND AS AND D, LLC

4879-0472-2239.1 / 059830-1071

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

NOTICE OF REMOVAL OF CIVIL ACTION
TO FEDERAL COURT